# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2469

_____

Roosevelt Dye,                                    *
                                                  *
            Appellant,                            *
                                                  *   Appeal from the United States
      v.                                          *   District Court for the
                                                  *   Eastern District of Arkansas.
University of Arkansas, Southeast                 *
Branch at Rohwer; University of                   *   [UNPUBLISHED]
Arkansas, Agriculture Department of               *
Fayetteville,                                     *
                                                  *
            Appellees.                            *

_____

Submitted:  May 5, 2006
Filed:  May 11, 2006

_____

Before RILEY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Roosevelt Dye appeals the district court's[1] adverse grant of summary judgment in his Title VII employment discrimination action.  After de novo review, we agree with the district court that Dye did not provide evidence that a discrete discriminatory act occurred within the limitations period (beginning 180 days prior to his May 22,

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

2003 Equal Employment Opportunity Commission (EEOC) charge), and thus his EEOC charge was untimely and his suit was barred by the statute of limitations. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109-10 (2002) (litigant has up to 180 or 300 days—depending on state—after unlawful employment practice happened to file EEOC charge; claim is time-barred if it is not filed within time limit; term "practice" applies to "discrete act or single occurrence"); Diaz v. Swift-Eckrich, Inc., 318 F.3d 796, 798 (8th Cir. 2003) (Arkansas plaintiff had 180 days after alleged unlawful employment practice occurred to file EEOC charge); Tademe v. St. Cloud State Univ., 328 F.3d 982, 987-88 (8th Cir. 2003) (rejecting argument that past discrete acts of discrimination represented ongoing pattern or practice of discrimination for purposes of timeliness); Kasper v. Federated Mut. Ins. Co., 425 F.3d 496, 502 (8th Cir. 2005) (standard of review).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____